# In the United States Court of Federal Claims

No. 20-610C

(Filed: August 7, 2020)

(NOT TO BE PUBLISHED)

| | |
|---|---|
| **SAMUEL JEDEDIAH BURLESON,** individually and on behalf of Samuel Jedediah Burleson Trust, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

Samuel Jedediah Burleson, *pro se*, Coolidge, Texas.

Sean L. King, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff Samuel Jedediah Burleson has brought suit alleging four claims against the United States Department of Justice and the Bureau of Prisons, the Texas Department of Criminal Justice ("TDCJ"), the State of Texas, the Williamson County District Court, and others, seeking billions of dollars related to his bank account and business operations.  Pending before the court is the United States' ("the government's") motion to dismiss the complaint filed by Mr. Burleson pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 8.  Plaintiff filed a short response.  *See* Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), ECF No. 10.  Because Mr. Burleson has failed to establish this court's subject-matter jurisdiction by a preponderance of the evidence, the

government's motion to dismiss Mr. Burleson's complaint is GRANTED and Mr. Burleson's claims are DISMISSED.

## BACKGROUND

In his complaint, Mr. Burleson alleges four separate claims and seeks upwards of $600 trillion as relief. *See* Compl. at 2, ECF No 1. Mr. Burleson, on behalf of himself and his trust, first alleges a "loss of [a] tort claim worth $267 billion" against the United States Department of Justice. *Id.* The second claim, brought against the Bureau of Prisons, the State of Texas, and the Texas Department of Criminal Justice, alleges that Mr. Burleson was unlawfully imprisoned by the State. *See id.* Mr. Burleson's third claim alleges the "failure of the permittance to operate a business while in TDCJ." *Id.* Lastly, Mr. Burleson alleges the "failure of the permittance of using of our U.S. Treasury Account." *Id.* As relief, Mr. Burleson seeks both monetary compensation and the restoration of his liberty. *See id.* at 2-3.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

As plaintiff, Mr. Burleson must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3)

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary*, *United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

In its motion to dismiss, the government asserts that "none of Mr. Burleson's claims appear to establish subject[-]matter jurisdiction because the Tucker Act waives sovereign immunity only for claims against the United States in this Court, not sounding in tort, that are founded upon money-mandating provisions." Def.'s Mot. at 1 (citations omitted). This assertion of the court's juridical power in a case of this type is correct.

In his first claim, Mr. Burleson "allege[s] loss of his or the Trust's tort claim or 'money of account,' apparently based on some action by the U.S Department of Justice." Def.'s Mot. at 2 (quoting plaintiff's complaint). Insofar as plaintiff may be alleging a tort violation, this court explicitly lacks jurisdiction over tort claims pursuant to the Tucker Act. Further, plaintiff has provided no detail as to how this loss occurred, has not explained the role of the Department in such a loss, and has failed to identify a money-mandating provision that might confer jurisdiction on this court. Thus, plaintiff has failed to provide "a short and plain statement of the grounds for the court's jurisdiction" as required under this court's rules. *See Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (per curiam).

Though Mr. Burleson's other claims appear to reference the federal government *vis à vis* the Bureau of Prisons, the substance of these claims relates to "Mr. Burleson's imprisonment under the custody of the TDCJ, either challenging the criminal case and sentence or other actions taken by the State of Texas." Def.'s Mot. at 2 (citing plaintiff's complaint). Thus, the gravamen of the remaining parts of the complaint is directed at entities which are not the United States. This court can only hear claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (With limited exceptions, none of which are applicable here, "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court."); *see also Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (stating that the Court of Federal Claims lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees."). Therefore, the court lacks subject-matter jurisdiction over claims 2-4 in Mr. Burleson's complaint because plaintiff seeks relief only from parties which are not the United States.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. Mr. Burleson's complaint shall be DISMISSED for lack of subject-matter jurisdiction. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

                                                          Charles F. Lettow
                                                          Senior Judge